**LEASEHOLDING CO v CLEVELAND (city) et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16556. Decided March 21, 1938

M. H. Gelfand, Esq., Cleveland, for plaintiff-appellant.

Alfred Clum, Cleveland, Sylvester Marx, Cleveland, for defendants-appellees.

## OPINION

By LEVINE, PJ.

Appeal is prosecuted to this court from the judgment of the Municipal Court of the City of Cleveland which rendered judgment in favor of the cross-petitioner, the Superintendent of Banks in charge of liquidation of the Union Trust Company.

The plaintiff brought an action in the Municipal Court against the city of Cleveland to recover alleged over-payments in assessments levied by the city of Cleveland upon plaintiff's property. It appears that the Leaseholding Company, prior to 1927, and until February, 1926, was the record owner of certain real estate known as 5121 Chester Avenue, Cleveland, Ohio. In 1927 the Leaseholding Company executed a note and mortgage to The Union Trust Company in the sum of $35,000.00. The City of Cleveland undertook a widening improvement of Chester Avenue and levied special assessments upon the abutting lands for their proportionate share oi the cost thereof. In 1936 after payment of the special assessment thus levied the City Council by ordinance declared a refund to be due to the property owners who paid the assessment by reason of over-assessment. Pursuant to the Ordinance it was determined by the city that there was due on this particular property by way of refund, the following amounts:

For over-assessment for the year
    1932 .......................... 17.76
For over-assessment for the year
    1933 .......................... 351.51
For over-assessment for the year
    1934 .......................... 334.57
                                    ————
Making an aggregate of         $ 703.84

When the petition was filed against the City of Cleveland seeking to recover said amount, the City filed an answer wherein it admitted that by ordinance a refund was ordered to cover excess assessments in the amounts set forth in plaintiff's petition. Setting forth the reason for refusing to pay the excess assessments or refund to plaintiff, it states:

"That the Superintendent of Banks, through his agent, filed an affidavit claiming that he is entitled as liquidator of The Union Trust Company to this amount set forth by way of refund. That the City is refusing to pay the amount represented by the refund until the proper court has determined which one of the parties is entitled thereto."

On the application of the City of Cleveland, the Superintendent of Banks in charge of the liquidation of The Union Trust Company by order of court was made a party defendant and required to present his claim. Thereupon an answer and cross-petition were filed by the Superintendent of Banks wherein his claim was set forth. In said cross-petition it was asserted that the Leaseholding Company did not pay the excessive assessments but that the Superintendent of Banks paid the same.

It is further set forth that on or about the 15th day of February, 1934, the cross-petitioner and the Leaseholding Company entered into an agreement by virtue of which the cross-petitioner was to pay to the County Treasurer all taxes and assessments due thereon. Several agreements were entered into between the Leaseholding Company and the cross-petitioner during that time. The substance of these agreements provided for the collection of rents by the Liquidator of The Union Trust Company and the due application thereof to payment of taxes, mortgage interest and principal, insurance, repairs, etc., and a provision for compensation to the Liquidator or his agent for such services.

In February, 1936, a new arrangement was made between the parties whereby the property by quit-claim deed was conveyed to the liquidator and the note and mortgage upon said property was to be cancelled. Pursuant to the arrangement made in February, 1934, the liquidator collected a total rental on said property of $4,847.15. Out of said sum $3,637.61 was applied to the payment of taxes and assessments and also the interest due on the mortgage. The amount represented in the refund aggregating $703.84 was part of the money which was paid by the Liquidator for taxes and assessments.

The City of Cleveland stands in the position of a stakeholder awaiting the decision of the court as to which one of the parties claiming the refund is entitled thereto.

It is the contention of the plaintiff that

whatever money was paid by the liquidator was paid on property owned by it. That whatever the Liquidator did was for and in behalf of the Leaseholding Company; that in accordance with the agreement the Liquidator was merely an agent acting for the owner. The Superintendent of Banks contends that the Leaseholding Company had not paid the taxes and assessments; that the same was paid by check of the Superintendent of Banks acting through the Liquidator; that therefore the excess or refund should be paid to the Superintendent of Banks as Liquidator.

Both sides rely on §3909 GC which is as follows:

"If an assessment proves insufficient to pay for the improvements and expenses incident thereto, the council may, under the limitation prescribed for such assessment, make an additional pro-rata assessment to supply the deficiency. In case a larger amount is collected than is necessary, it shall be returned to the persons from whom it was collected in proportion to the amounts collected from such persons respectively. This section shall be subject to the limitations contained in other sections of this chapter."

Note the language:
"In case a larger amount is collected than is necessary, it shall be returned to the person from who it was collected."

The exhibits produced in this case and which are in evidence, clearly show in our opinion that the Liquidator acting for the Superintendent of Banks in the liquidation of The Union Trust Company was not to undergo any obligation for the payment of taxes or assessments on the land in question. All that the Liquidator undertook was to collect the rents and use the money so collected for and in behalf of the owner to satisfy two items:
1. the payment of interest on the note and mortgage,
2. to pay all taxes and assessments.

These payments were charged to the owner, the Leaseholding Company, and an account was rendered accordingly.

It seems that under the language of the law which requires that the excess shall be returned to the persons from whom it was collected, that the person from whom it was collected was not the liquidator but the owner of the property, the plaintiff in this case.

As to the claim of the Superintendent of Banks that at the final settlement when the property was conveyed to the Liquidator by quit-claim deed, an affidavit was filed by the officers of the Leaseholding Company to the effect that it had no other funds and was uncollectible, and that the same furnished the inducement for the final settlement, we deem it as untenable and immaterial. The Liquidator had equal means with the plaintiff of knowing as to what action the city took or will take concerning the excess payments and it would be in our opinion straining a point to say that any deception or fraud may be charged to the Leaseholding Company.

We are, therefore, concluding that the Municipal Court of the City of Cleveland committed error when it ordered the payment of the refund to the Liquidator. Under the clear language of the law it must be returned to the person from whom it was collected. It was collected from none other than the owner of the property under the arrangement made by it and the Liquidator.

The judgment of the Municipal Court is ordered reversed and final judgment rendered in favor of the plaintiff appellant.

LIEGHLEY, J, dissents.
TERRELL, J, concurs.